IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**MARK A. DUBARRY,**<br><br>     **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:09-cr-00680-DAK**<br><br>**Judge Dale A. Kimball** |

   This matter is before the court on Defendant's Motion for Home Confinement.  In 2009, Defendant pleaded guilty to one count of Robbery in violation of 18 U.S.C. § 1951(a) and one count of Using or Carrying a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c).  In January 2010, this court sentenced Defendant to 180 months imprisonment and 60 months of supervised release.  Defendant now requests that the court release him to serve the remainder of his sentence in home confinement because he is fifty-three years old and suffers from hypertension, which puts him at a greater risk of severe complications if he were to contract COVID-19.

## DISCUSSION

   18 U.S.C. § 3582(c) permits a court to reduce a defendant's term of imprisonment pursuant to a motion seeking such relief.  "Prior to the enactment of the First Step Act, only the [Federal Bureau of Prisons] could" file a motion for compassionate release or sentence modification under 18 U.S.C. § 3582(c)(1)(A).  *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019).  The First Step Act, however, modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file the motion with the court him or herself.  *Id.*  Nevertheless, before a defendant can file a motion, it is required that the defendant "has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  If that requirement is satisfied, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.*

In this case, Defendant seeks to be released to home confinement because of his age and the fact that he suffers from hypertension.  Defendant cites no legal authority upon which his motion is based.  The court will therefore construe his request as a motion for compassionate release pursuant to § 3582.

As stated above, § 3582 imposes certain exhaustion requirements before a defendant can file a motion for compassionate release.  Here, Defendant makes no mention regarding the administrative exhaustion requirements, let alone whether he has taken the necessary steps to abide by them.  Accordingly, the court denies Defendant's motion as insufficient and untimely.  And, to the extent that the exhaustion of administrative remedies must occur before this court has jurisdiction, the court dismisses Defendant's motion for lack of jurisdiction.

As for Defendant's specific request to be released to home confinement, "the court lacks any authority to order that [Defendant] serve the remainder of [his] sentence . . . by home confinement." *United States v. Machuca-Quiintana*, No. 12-10085-JTM, 2020 WL 3047596, at *5 (D. Kan. June 8, 2020) (unpublished).  While the Coronavirus Aid, Relief, and Economic Security Act grants broader discretion to the Director of the Bureau of Prisons to utilize home confinement, it does not grant this court authority or jurisdiction to do the same. *United States v. Carter*, No. CR 12-20066-38-KHV, 2020 WL 2523294, at *2 (D. Kan. May 18, 2020) (unpublished).  This is because "[BOP]—not the Court— . . . decides whether home detention is

appropriate." *United States v. Ward*, No. CR-13-42-R, 2020 WL 2089826, at *2 (W.D. Okla. Apr. 30, 2020) (unpublished) (quoting *United States v. Boone*, No. CR-18-144-R, Doc. 52, p. 3 (W.D. Okla. Nov. 20, 2019)).

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion for Home Confinement is hereby DENIED as insufficient and premature and DISMISSED for lack of jurisdiction.

Dated this 7th day of July, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge