IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK A. DUBARRY,<br><br>Defendant. | MEMORANDUM DECISION<br>& ORDER<br><br>Case No. 2:09-CR-00680-DAK<br><br>Judge Dale A. Kimball |

## INTRODUCTION

This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (ECF No. 276.) Defendant requests that the court release him from custody due to COVID-19 and his underlying health conditions (obesity, hypertension, and history of smoking and drug use). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons ("BOP"). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). In this case, Defendant first filed his own Motion for Compassionate Release (ECF No. 270) on August 18, 2020. A few months later, Defendant's counsel filed a Memorandum in Support of Motion for Compassionate Release. (ECF No. 276.) Pursuant to General Order 20-019, the United States filed an opposition to Defendant's motion (ECF No. 277), and the United States Probation Office filed a recommendation that the court deny the motion. Defendant did not file a reply in support of his motion and the time for doing so has passed.

## DISCUSSION

On November 2, 2009, Defendant pleaded guilty to one count of *Hobbs Act Robbery*, in violation of 18 U.S.C. § 1951(a) and one count of *Using or Carrying a Firearm During a Crime of Violence*, in violation of 18 U.S.C. § 924(c). (ECF No. 273 (sealed) at 2, 17). Pursuant to a plea agreement, this court sentenced Defendant to 180 months' imprisonment to be followed by a term of supervised release of 60 months. (ECF No. 138.) As of February 10, 2021, Defendant has served 11 years, 5 months, and 7 days of his prison term—which is 76.2% of his full term and 89.4% of his statutory term.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). The court finds that Defendant has failed to meet his burden for two reasons: (A) Defendant failed to establish "extraordinary and compelling" reasons to justify a reduction in his sentence; and (B) Defendant failed to establish that he will not pose a threat to the community if the court grants his request for a reduction in his sentence.

A.  **Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) authorizes a court to modify a term of imprisonment "after considering the factors set forth in § 3553(a) to the extent they are applicable, if it finds that —(i) extraordinary and compelling circumstances warrant a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission defines "extraordinary and compelling" reasons to include certain

specified categories of medical conditions. U.S. SENT. GUIDELINES § 1B1.13, cmt. n.1(A). Specifically, the Sentencing Guidelines provide that the defendant must suffer from a terminal illness or a "serious medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* In this case, Defendant argues that his obesity, hypertension, and former smoking and drug habits meet this standard because they place him at "high risk" for a severe infection or complication from COVID-19. (ECF No. 276 at 6.) The court does not believe Defendant's health conditions satisfy the relevant criteria from the Sentencing Guidelines § 1B1.13 for four reasons.

First, regarding Defendants claimed obesity, Plaintiff correctly points out that Defendant's BMI only places him in the "overweight" category (a BMI between 25–29.9). Thus, Defendant is "overweight," not "obese." Second, regarding Defendant being "overweight" and having hypertension, the CDC has stated that people with these conditions "**might be at an increased risk** for severe illness from the virus that causes COVID-19."[1] The possibility of having an increased risk of a severe infection does not satisfy the "extraordinary or compelling" standard to warrant a reduction in Defendant's sentence.

Third, regarding Defendant being a former smoker, the CDC does state that smoking "increases your risk of severe illness from COVID-19."[2] However, Defendant has not proven that he was in fact a smoker or that "his history of smoking has impacted his health in a way that

---

[1] U.S. CENTER FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, (Feb. 3, 2021). https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis in original).
[2] U.S. CENTER FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, (Feb. 3, 2021). https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

increases his risk with respect to COVID-19." *United States v. Jackson*, No. 05-20018-01-JWL, 2020 WL 5231317, at *3 (D. Kan. Sept. 2, 2020) (footnote omitted) (collecting cases). Accordingly, Defendant's claimed history of smoking does not satisfy the relevant criteria.

Fourth, regarding Defendant's prior substance abuse, Defendant cites recent studies showing that substance abuse disorder might increase the risk of complications from a COVID-19 infection. (ECF No. 276 at 8.) Plaintiff correctly points out that CDC has not designated substance abuse disorder as a category of medical conditions that definitively or possibly increase the risk of a COVID-19 infection. The court will use the CDC's advice as a guide. Therefore, the court does not find that Defendant's assertion of a prior substance abuse disorder warrants a reduction in his sentence.

## B. Threat to Community

Even if Defendant's claimed health conditions do satisfy the "extraordinary and compelling" criteria, Defendant has not established that he is no longer a danger to the safety of the community. Defendant is currently serving his sentence in connection to an armed robbery. During this armed robbery, a co-defendant used a .45 caliber firearm to intimidate the store's clerk into handing over OxyContin pills. Defendant did not even attempt to address the serious and dangerous nature of this crime. Instead, Defendant merely points to the fact that he has completed education, employment, and drug programs while in prison. This is not enough to convince the court Defendant would not pose a threat to the community if released early. Accordingly, the court finds Defendant has not satisfied the 18 U.S.C. § 3142(g) requirements.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (ECF No. 276) is DENIED.

DATED this 18th day of March, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge